NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTEBAN GARCIA-GARCIA, AKA
Esteban Garcia, AKA Sergio Garcia, AKA
Esteban Garcia Garcia,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 17-71600

Agency No. A200-245-966

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025[**]
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District
Judge.[***]

Petitioner Esteban Garcia-Garcia ("Garcia"), a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Douglas Russell Cole, United States District Judge for the
Southern District of Ohio, sitting by designation.

an appeal from a decision by an Immigration Judge ("IJ") denying Garcia's claims for asylum, withholding of removal, Convention Against Torture ("CAT") protection, and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we review the agency's findings of fact for substantial evidence. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the agency's factual findings are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted). We review questions of law de novo. *Id.*

1. On appeal to the BIA, Garcia failed to meaningfully argue that "changed circumstances *which materially affect the applicant's eligibility for asylum*" excused his untimely asylum application. 8 U.S.C. § 1158(a)(2)(D) (emphasis added). So the record does not compel that the BIA erred by rejecting the administrative appeal of the asylum-application issue. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust …."). And in his opening brief to our court Garcia does not meaningfully contest the BIA's conclusion on this point. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Thus, Garcia has both failed to exhaust and forfeited any argument as to the IJ's determination that his asylum application was

untimely and unexcused. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) ("A court may review a final order of removal only if … the alien has exhausted all administrative remedies available to the alien as of right." (alteration in original) (quoting 8 U.S.C. § 1252(d)(1)). Garcia's forfeiture of this issue is dispositive of his claim for asylum.

2. Substantial evidence supports the agency's denial of withholding of removal. The record does not compel the conclusion that abuse from Garcia's father had any nexus to Garcia's race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A). Garcia's proposed particular social group—"Mexican males who suffered domestic violence at the hands of their fathers"—is circularly defined and thus not cognizable. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020) (recognizing "the well-established principle that a particular social group must exist independently of the harm asserted"). On the issue of future persecution, Garcia admitted that his father is aging, unable to walk, and does not hear or see well. Garcia further admitted that he no longer fears his father. The record does not compel the conclusion that he would suffer persecution at the hands of his father, much less based on a protected ground. And Garcia fails to identify any nexus between his general fears about gang-related violence and any protected ground that would give rise to a basis for withholding of removal. The record thus does not compel a conclusion different

from the agency's conclusion.

3. Substantial evidence supports the agency's denial of CAT protection. To support the proposition that he would be tortured if he returns to Mexico, Garcia merely points to "Mexico's current and well document [sic] social turmoil." This generalized evidence of violence and crime in Mexico is insufficient to prove eligibility for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Garcia points to no other evidence in the record that would compel a conclusion different from the agency's conclusion.

4. We lack jurisdiction to review the agency's denial of cancellation of removal on the grounds raised by Garcia. Discretionary agency determinations about good moral character are "insulated from federal review." *Lopez Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006). And here, the BIA affirmed a discretionary determination about Garcia's lack of good moral character. An applicant must establish good moral character to qualify for cancellation of removal, so this issue is dispositive of Garcia's claim for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(B).

**PETITION DENIED**.